## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01334-CMA-KMT

CLINTON J. DAWSON and
JANELL DAWSON,

        Plaintiffs,

v.

LITTON LOAN SERVICING, LP and OCWEN
LOAN SERVICING, LLC.

        Defendants.

_____

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE (Doc. 127) TO PLAINTIFFS' MOTION TO ALTER JUDGMENT (Docs. 120 and 121) PURSUANT TO F.R.C.P. 59**
_____

### INTRODUCTION

Defendant has filed a lengthy response to Plaintiffs' Rule 59 motion that basically reargues the merits of their initial motion for summary judgment and their reply. It opines that the Court deliberately failed to even address Chris Wyatt's testimony because, as it argued in its original motion, his testimony is somehow inadmissible.  A proper basis for a Rule 59 motion, however, is if "[T]here is any basis believe 'that we failed to consider [relevant] deposition testimony…in determining whether genuine issues of material fact precluded granting the [defendants'] summary judgment motion.' *Holley v. Leone*, 1987 WL 14512, *1 (E.D.Pa. July 27, 1987)." (Plaintiffs' Motion at 2).

The *Judicial Writing Manual,* Federal Judicial Center,1991, under the topic "Determining the Scope of the Opinion" states at 5:

> "Because opinions decide cases, they are written **primarily for the litigants and their lawyers**-and for the lower courts or agencies whose decisions they review. To the extent an opinion is addressed to the parties, **it should provide them with a fair and accurate statement of what was before the court for decision, what the court decided, and what the reasons for the decision were.** This can generally be accomplished without writing a full-dress opinion. The parties will be familiar with the facts and will generally not be interested in an extensive exploration of the law, other than what is needed to give the losing party a clear explanation for the result." (emphasis added).

In *Bratchett v. Braxton Envtl. Servs. Corp.,* No. 13-3299 (7th Cir., April 25, 2014), for example, the Seventh Circuit reversed a district court grant of summary judgment in a state prisoner's case under 42 U.S.C. § 1983 for a work release related injury which required a finding that the Defendants acted "deliberately indifferent to his unsafe working conditions." The appellate opinion in reversing the judgment notes at 5, "The district court overlooked key evidence … the **court's decision does not mention** (certain testimony about that demonstrated knowledge of the required dangerous condition)." (emphasis added).  A well briefed Rule 59 motion filed in the district court in *Bratchett* may have alerted the district judge and avoided an unnecessary appeal.

Further, the *Judicial Writing Manual, supra,* states at 5-6, "The judge needs to consider whether a statement of facts and legal analysis **adequate to explain** the decision to the parties will **suffice also for a higher court to understand the basis for the decision**." (emphasis added). Rule 59 contemplates that a time consuming appeal should not result from what is simply a mistake easily corrected.  Defendants' speculation that the Court silently accepted their tenuous admissibility arguments, or one of their other arguments not addressed in the Court's opinion, but chose to withhold its reasoning from the parties and the appellate court, is not a plausible explanation to the opinion totally ignoring this key witness.

**Conclusion**

The record is quite clear, the judgment should be altered and the tortious interference and CCPA claims should go to the jury.

*/s/ Blair K. Drazic*
Blair K. Drazic
Colorado Bar #39879
321 Rood, Unit 2
Grand Junction, CO 81501
Phone 970-623-1193
Fax 888-858-0992
E-mail: blairdrazic@gmail.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing is served via the Court's ECF system.

/s/ Blair Drazic_____