**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01334-CMA-KMT

CLINTON J. DAWSON, and
JANELL DAWSON,

    Plaintiffs,

v.

LITTON LOAN SERVICING, LP, and
OCWEN LOAN SERVICING, LLC,

    Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION TO ALTER JUDGMENT**

---

Plaintiffs Clinton and Janell Dawson's Motion to Alter Judgment (Doc. # 124) merely attempts to relitigate arguments previously rejected by this Court, using evidence that was available to the Court at the time it ruled on summary judgment. Accordingly, the Court denies the instant Motion.

## I. <u>BACKGROUND</u>

The facts and background of this case are set forth in detail in *Dawson v. Litton Loan Servicing, LP*, No. 12–cv–01334–CMA–KMT, 2014 WL 4821373 (D. Colo. Sept. 29, 2014), the order from which Plaintiffs seek relief, and need not be reiterated here. On September 29, 2014, the Court granted Defendants Litton Loan Servicing, LP and Ocwen Loan Servicing, LLP's (collectively, "Defendants'") Motion for Summary

Judgment (Doc. # 62), because Plaintiffs could not establish that Defendants violated the Colorado Consumer Protection Act ("CCPA") or tortiously interfered with a contract.

On October 24, 2014, Plaintiffs filed a Motion to Alter Judgment (Doc. # 124), pursuant to Federal Rules of Civil Procedure 59(e), arguing that this Court erred by failing to consider the deposition testimony of Chris Wyatt, a former Litton executive. Defendants filed a response on November 17, 2014 (Doc. # 127), to which Plaintiffs replied on December 10, 2014 (Doc. # 132).

## II. DISCUSSION

A litigant may seek to amend an adverse judgment under Rule 59(e) when there is "(1) an intervening change in controlling law, (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, it is inappropriate for a motion to reconsider to revisit issues previously litigated based on facts that were available at the time of the underlying motion. *Id.* In short, a Rule 59 motion is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

In the instant case, Plaintiffs argue that the Court's ruling was premised on a factual error – specifically, its failure to consider Mr. Wyatt's testimony. As an initial matter, the Court notes that Plaintiffs simply reiterate the same arguments about Mr. Wyatt's testimony that they made in their Response to Defendant's Motion for Summary

Judgment.  (Doc. # 79 at 18–19.)  As such, the Court has already rejected those arguments, and they provide no basis for relief.

In any event, it would not have been proper for the Court to consider Mr. Wyatt's testimony.  Conclusory statements based on merely conjecture, speculation, or subjective beliefs are not competent summary judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise.")  In his deposition testimony, Mr. Wyatt asserted that Plaintiffs' loan would have been modified but for the Defendants' practice of automatically denying applications for loan modification.  He arrived at this conclusion after reviewing the results of Plaintiffs' Net Present Value ("NPV") test.  This testimony, however, was purely speculative and based on insufficient information.  Although Mr. Wyatt had personal knowledge of the **general** practice of mass denials within Defendants' company, he had no personal knowledge whatsoever as to how Defendants made their decisions with regard to Plaintiffs **specifically**.  As such, Plaintiffs could not use Mr. Wyatt's testimony to rebut Defendants' evidence showing they did not knowingly make any false representations to Plaintiffs or interfere with a prospective contractual relation with Plaintiffs.  Moreover, the NPV test was not the deciding factor in denying Plaintiffs' application for a loan modification.  As set forth in the Court's summary judgment Order, Plaintiffs did not qualify because their income and cash reserves were insufficient to cover the cost of a modified loan, and Mr. Wyatt did

not provide any competent summary judgment evidence to show otherwise.  (Doc. # 120 at 7.)  Therefore, because Plaintiffs have not shown that the Court based its Order on factual error when it did not consider Mr. Wyatt's testimony, Plaintiffs' Motion is denied.

### III.  **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' Motion to Alter Judgment (Doc. # 124) is DENIED.

DATED:  August 7, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge